Good morning, everyone. We will start today with the case of Baghdad v. Attorney General No. 21-2094. May it please the Court, Craig Shagan for Rabbi Baghdad. I'd like to reserve three minutes, if I may, for rebuttal. Mr. Baghdad, a longtime lawful permanent resident of the United States, was convicted under 3929 of retail theft. He was then charged, first of all I should say he was sentenced to time served plus a number of months past one year, which would give him the one year required under the aggravated felony statute 101A43G. The aggravated felony statutes in particular are those statutes that are designed for the worst of the worst types of crimes, those that would necessitate not only removal but the absence of any discretionary relief or the ability to return. So as a category, this is the most extreme category. It seems somewhat nonsensical to think that one of the most common crimes, can end in this category, but there it is and he's been so charged. I believe under the statute that there is not a categorical match between the aggravated felony definition of or the aggravated felony definition in G, which is theft, not relating to theft, and the statute under 3929. I'm sorry, your argument on that point is entirely about whether this is just a presumption that's remissive inference or whether it alters the elements, right? You're not challenging other matches. This is all about whether concealment itself suffices for conviction. Correct. I believe under the 3929C, it is actually a mandatory presumption, and I'll get into that in a second, that does two things that is not done with traditional generic larceny, which is what theft is. One, it presumes an intent, and I think even more severely, it expands the conduct, the actus reus, to include the concealment itself. Why doesn't it take the finding of a fact and just standardize what is a permissive inference from that fact? Like many other permissive inferences, that are cases same is permissible. So the distinction here, and the case that troubles me the most for how the law has ended up is Monville. So there you have a case, I mean a real case, not just a jury instruction, where a judge finds somebody guilty on the presumption, and there's additional evidence, and it goes up to the superior court. Judge Spaeth, in analyzing it, says, oh, the presumption does not apply, because there's no evidence that the umbrella in that particular case was concealed. And so, therefore, the presumption doesn't apply. And then he goes through the other evidence in the case, treating it not as a conviction on the presumption, but rather, is there sufficient evidence to sustain a conviction the old-fashioned way with the evidence that has been presented? And he finds there's more evidence towards innocence than guilt. Now, what troubles me about that case, and I've tried to find a case where there was concealment complete, that the basic fact led to the elemental fact, and there was evidence such as in Monville. But why shouldn't that give us the assurance that the way, in terms of a realistic probability, of the way that the state courts interpret the presumption, that they wouldn't hold up a conviction that was based on partial concealment or concealment where, as in Monville, there weren't some other circumstances that sufficed to meet the element of intent beyond a reasonable doubt? So, the answer to that question is, in both Bond and Monville, for somebody who was convicted, and only on appeal reversed, and only because the concealment was not complete. The basic fact did not lead to the elemental fact, because the basic fact was not proof. That suggests the state courts are, in practice, narrowing this so that, in fact, the proven fact leads to the inference. Do you see anything in those cases that says we would certainly have upheld this conviction if there were the least amount of concealment? No, but you're not going to see that in a court case, are you? No, but this cuts in the government's favor, then? No, I think it cuts quite the opposite. I think what you have is a case where, fortunately, it wasn't concealed, so the presumption didn't apply, and you see that the court is analyzing it two separate ways. Following the Neotate case, or the Neotate analysis, I would say this statute, on its face, is unconstitutional in that it pushes the burden to the defendant to show that he didn't have an intent once you proved the basic fact. Well, that would surely be the case if it were mandatory, but the framing of it meets the criteria that distinguish a permissive inference from a mandatory one. And we're told to look to the jury instructions as the definitive interpretation. In your brief, you quoted us as part of the jury instruction, but the very next paragraph goes on to make clear that the element itself still needs to be found beyond a reasonable doubt, and the jury is free to reject the inference. Why doesn't that make this permissive and within the scope of due process? Let me give a hypothetical, and I think it'll explain it. Say I go into a shopping store, and it's Christmas time, and there's the latest, hottest Beanie Baby out for sale. And I take the Beanie Baby, and I look at it, and $2 short. So I hide the Beanie Baby in the pocket of a coat in the department store. Have I committed a crime? I would think I could certainly be charged with a crime, correct? Because I've deliberately concealed that Beanie Baby. Now, let's take the same example and say I put the Beanie Baby in the pocket of the coat, and I intend to come back later and buy the coat and steal the Beanie Baby. That's my intent. Is the actus reus in any way different between those two things, the bad act that I did? No, I've concealed. Where in larceny is concealment sufficient to say that you've completed the act? The example I give in the reply brief, if I have a larcenous intent, and I wrap up the silverware with the intent of stealing it, have I consummated a crime? Not having left the premises of the owner. Why doesn't that come down to a determination to be made by a jury looking at the case and being able to consider what could be viewed as simply a common sense inference that if there's concealment, that the intent is to steal the Beanie Baby. So if there was common sense, if there was a common sense inference, you wouldn't need the statute. I mean, common sense inferences are permitted in the criminal law all the time. But jury instructions often remind people of the common sense inferences they're allowed to draw. Absolutely. But here they're saying if you prove the basic fact, prima facie, you've proved the elemental fact. Wait. So can I just get in on this? Starting at the beginning, you don't have a dispute, as far as I can tell, with the retail theft statute being a categorical match if it were stripped of the presumption requirement. Is that right? Right. If you had to prove... So then the question becomes, it's a categorical match with generic theft offense. And then we get to what is the, what's the give and take? How does the presumption change things? My colleagues have asked you questions about whether it's a mandatory presumption, in which case it might change things very, very, very much in your client's favor. If it's a permissive one, though, then Judge Krause's question of it could still come back to a jury. It seems to be important. But I think what I'm hearing you say is not all permissive presumptions work. Because permissive presumptions might say if the sun was shining when you committed this, and you say that's just too attenuated from what it is. So I think what you're trying to say is you've got a problem with this specific presumption because you don't think that concealment is sufficiently linked to retail theft or to work. Is that right? That's a monologue on me. So there are two things. Because the other is, where is the taking away? If I conceal something, where is the taking away? If I've concealed it in the store? If I've hidden it in the store? Let's take the Beanie Baby example. In the first example, okay, I could present evidence. So there's a rebuttable presumption. I stuck this thing in the pocket. That's very suspicious behavior. There's a rebuttable presumption that I intended to steal it. Now, I could present evidence, as Ms. Monville did, that in fact she had no intent to steal. That, of course, it didn't work in that case, except on appeal. But you could do that. You could say, I have this other evidence. That's a rebuttable presumption. Okay. Mr. Shiggin, so your objection now seems to be not about a completed crime where someone has walked out. You seem to be concerned that someone's going to be convicted of attempt for putting something in without having walked away with it. That's your focus at the moment, right? But it's not attempt. Under the retail theft statute, it is theft, even though you've never left with the item. No, wouldn't it be an attempt that we can infer the intent, but you still, in terms of, you haven't completed the actus reus of taking it away. Correct. But my point is that if you're being held liable that way, the government is still going to have to show the standard for attempt, which is a common law, a dangerous proximity to the completed crime, not just it momentarily went under the coat. But you're not charged with attempted theft. That's the Gaither's case. You are charged with the completed, your crime is complete once you've concealed the item. Why is that still a categorical match given that the generic, the federal generic version isn't just the carrying away or taking away, it's also exercising control over. Okay. So then in the first example with the Beanie Babies, I've then committed retail theft, even though I intended to come back and buy it. Because I've exercised the same control over the Beanie Baby by putting it in the pocket of the coat as I would if I intended to steal it. It's the exact same control. So at root here, you've got to go back to the presumption cases. Francis v. Franklin, I went back, I reread it. You are not arguing that this is a Francis v. Franklin case. It's not a case in which the instruction says so-and-so is presumed. It says you may infer, but the government still has to prove it beyond a reasonable doubt. We're in permissive inference territory. So the question is, does the fact to be inferred, can a jury rationally infer it from the fact the government has to prove? It may or may not in a particular circumstances. I see I'm out of time, but I just wanted to finish one thought. And that is that I don't have to prove that the retail theft statute is constitutional or unconstitutional. I mean, honestly, the jury instructions that we've looked at are jury instructions that tend to mitigate to keep it within the constitutional realm. But we look at the statute categorically. And categorically, you look at that statute. And the burden is shifted on me as the defendant to prove both that I did not intend to steal it and also even if it's in a retail establishment, I am guilty even if I've never walked out the door with it. And you don't have to prove intent. So let's say we agree with you that the terms of the statute would sweep more broadly, but aren't we instructed to look to the interpretation of those and specifically to jury instructions? So the fact that the jury instructions mitigate the problem, why isn't that dispositive here? Okay. So that's a very good point. And my answer to that is that trying to categorically analyze a statute that is fundamentally dysfunctional in itself, such as the New York statutes that allow you to plead guilty to attempted recklessness or attempted conspiracy or attempted solicitation. They allow it in New York. It's a hypothetical crime. When this Court looked at hypothetical crimes, they say, look, this is categorical nonsense. You cannot categorically analyze these things because it doesn't make any sense. I would put it to the Court that this comes close to that. What you have is a statute that the only way it can pass muster is if you give it a reading that is not directly in the statute itself. But from the cases that you cited to us and the absence of a case where concealment alone was sufficient to uphold a conviction and to meet this element of, you know, the intent to deprive, why doesn't that tell us that under the realistic probability analysis that we need to do, that there wouldn't be an interpretation of this statute, whatever its terms, that would not be a categorical match? I think Bonn and Monville demonstrate a realistic probability that you can be convicted under just the presumption, but for the fact that it wasn't concealed. Because if the basic fact there was proved, what is the argument on appeal? How do you say there's insufficient evidence when, in fact, you concealed the Beanie Baby? Well, the argument on appeal there ends up being that the presumption shouldn't have come into play, right? The presumption was misapplied in that circumstance. For Bonn and, yes, but the Court came to that, but the Court did not say, Judge Spaeth did not say it doesn't matter whether it's concealed or not, there's overwhelming evidence here of your innocence, and therefore the sufficiency test, the traditional sufficiency test of evidence reverses. Instead what he said is the presumption doesn't apply because there was a failure of concealment, and by the way, we've looked at the record just to see if it could have been convicted the old-fashioned way, and there's more evidence of innocence than guilt. And that gives me great pause, and I think in real life, as this is applied, it is applied far more broadly than a traditional generic larceny, and that's why they created it, larceny statute. And remember, what we're doing here is we're trying to determine does this fit within the category of the most extreme types of crimes for which somebody should be deported without benefit of discretionary relief. When we're doing a realistic probability analysis, should we be considering the frequency with which someone is actually convicted, or that it is ultimately upheld on appeal? I think neither. I think the realistic probability test that came out of Duenas was that you can't just come up with a theory of law out of thin air, out of your head, and say there's a possibility a court could interpret something this way. So there is no statistical way to prove how many people get convicted one way or the other. I think instead what you're looking at is is this interpretation of the statute an interpretation that would lead to a broader definition of the parameters of the criminal offense than the enabling legislation. And I think here clearly it is. A, it was done for that purpose. Even in Martin, the judge says we're doing this because otherwise it would be too difficult to prove within the context of merchants. So there's nothing wrong with the crime itself. It may be a crime involving moral turpitude. The only question, the only thing I'm challenging is that it's not larceny. It's not straight out generic larceny. It is something more than that. And if it's more than that under the categorical approach, I think, I guess it would be QED. Then, you know, it's not an aggravated felony. We'll hear you back on rebuttal. Thanks. Ms. Bayram? Ms. Bayram, let me start where we were ending with your colleague, and that is where we have a statute that with even partial concealment, where this presumption has been invoked for the state to make the decision to prosecute the offense, for a jury to actually convict on the basis of that presumption. And it's only when it gets up on appeal that courts are looking at it and saying, not so sure, let's say insufficiency of the evidence. Given that we've got those first two steps, how does that inform our realistic probability analysis? And should we be concerned that the way the statute is being interpreted for purposes of prosecution and by juries receiving even this sort of mitigating instruction are leading to convictions that are, would not suffice or would not be upheld under the federal generic? I don't think that when we're looking at the realistic probability test, that is something that should cause the court concern when we're looking at whether crimes are categorical matches. When we're looking at realistic probability tests, what the court is saying, what the court has said, is that does the petitioner's legal imagination, is there a realistic probability of that actually happening? And here, when we're looking at this presumption, which is a permissive inference, the jury can consider that, but they also can consider all of the evidence in the record to the extent that the jury comes down with a conviction and it gets later reversed on appeal. I think that's evidence of showing that the presumption courts are making sure that the presumption is working as it should, that it doesn't apply to broader types of conduct. And I think it's important to note that petitioner, although he raises this intentional concealment argument as being a sufficient action for a conviction, he doesn't bring forth any cases that actually rest solely on that. So in addition to not having any cases that show that realistic probability test, I think the cases he brings forth demonstrate that the presumption works as it should, that it doesn't unnecessarily broaden the scope. Well, that exactly the issue with cases like Vaughn and Shapiro and Monville, where even with the instruction, a jury is convicting on the basis of concealed, indeed, even partially concealed merchandise. And without, as we know from the appellate court, right, it's without other evidence that would support the finding of the necessary intent. Well, the inference doesn't apply in cases where there is no concealment. And in those other cases, there were other evidence at play. They walked out of the store with the merchandise without paying for it. So the cases don't rise and fall solely on this fact of this partial concealment. There were other facts at play. And with the inference and in those cases as well, they look to the totality of the evidence, the facts presented by the prosecution. But wasn't that the conclusion of the superior court in Vaughn and Shapiro and Monville, that there wasn't other evidence? It was only on the basis of the presumption, and the presumption arose only on the basis of partially concealed merchandise. That's why they vacated the convictions. I'd have to go back specifically, but there was other factors that later came into play in terms of leaving the store, partial concealment. But again, I think this shows that there is a safety net. There is checks on the inference being used correctly and not broadening the scope of the conduct. And Petitioner here doesn't show that the inference was used in a way that was impermissible to his conviction. His conviction was set. But this raises an issue I think I have a concern similar to Judge Krause's. Should we be looking which trumps, the case law or the instruction? Because the instruction, the case law says the presumption works only if the mental state flows beyond a reasonable doubt, or could be inferred to flow beyond a reasonable doubt from the intentional concealment, according to Martin. But the jury instruction doesn't require that proof beyond a reasonable doubt. So does that, do the jury instructions trump, does the fact that these convictions mean the presumption broadens it, or should we take solace as you're trying to in the case law that the appellate courts will correct this by the time it gets up to them? Well, I think that the appellate courts and the case law shows that there are checks on this. And the jury instructions, they do indicate that this is discretionary, it's a permissive inference. And jury instructions are, these are suggested jury instructions. So they don't have, in terms of their weight of authority, they're not necessarily binding. But I think we can look to the jury instructions as the proper way that the permissive inference should be considered within the jury. We hope and expect that jurors discharge their duties properly. And I think then, of course, you have courts making sure that the inference is applied correctly. And by correctly, I mean that it still holds, even in light of all of the other evidence that the prosecution has shown, and that there is that reasonable doubt. Because the permissive inference, it doesn't change the jury's decision. From the categorical match that we have here of the Pennsylvania statute for retail theft to the generic offense, it's permissive. What significance should it hold for us that juries seem to be routinely misapplying or misinterpreting the instructions, as you would characterize them, to convict where the presumption, as you're arguing, shouldn't come into play? What does that tell us about whether there is a categorical match and whether the instructions here suffice to narrow the terms of the statute for a match with the federal generic? Well, here, it is a match with the federal generic offense. And the permissive inference doesn't change that fact. Just to interrupt, if these presumptions did change the act from, say, taking down to conceal, or they changed the mental state from intent to deprive to intent to conceal, then there would be a problem, right? If that happened. But there's no evidence that that's how it works, because... And so I guess my question is, are we looking at this in terms of what the statute says, because the statute seems to say you always get a chance to rebut, or are we going to look at this in terms of, as you say, how it works? If it's how it works, sometimes it seems that maybe people do treat it as a reduced element, juries do treat it as a reduced element. I'm looking here at the statute, but the fact that there may be a case or cases out there in specific circumstances where the jury hasn't, you know, perhaps applied it in the way that it was intended, doesn't indicate that, for the purposes here, that subsection C as a presumption doesn't change the burden of proof on the prosecution, doesn't change the beyond a reasonable doubt standard. Doesn't shift impermissibly any type of burden to the defendant. And so for a conviction, the state still has to show all of the elements of 3929A beyond a reasonable doubt. They have to, you know, show there is the taking, there's the intent, there's the deprivation, all of those. And the permissive inference doesn't change that fact. And in the jury room, you know, the jurors are free to either use it or not. And so it's really up to them. And so when a conviction is rendered, you know, they could choose to use it. If not, they use it based on all the evidence prevented, but in any event, all the evidence still has to support that conviction. The fact that it's in permissive terms, that doesn't resolve the problem for us, right? Because the whole idea behind having a standardized permissible inference like this, that's put into a statute where there's instructions to the jury, is to tell the jury that if you find this particular fact beyond a reasonable doubt, you may be able to use it. And so you are allowed to conclude that that alone, that alone is sufficient to meet the element of intent here. And we know from cases like McCandless that that only works if there's a rational connection between the fact and the ultimate element. Where we have here, a jury is getting this instruction that says, if you find that the evidence, just the fact that there was concealed property, the concealed property is found on a defendant, if that fact is established beyond a reasonable doubt, then you may find the element of ultimately the intent to deprive. And we have juries that are convicting on that basis with appellate courts then reversing. Doesn't that tell us that there's not actually a rational connection between simply the fact of concealment and the element that needs, that purports to be satisfied by the finding of that fact? Well, the jurors, when they're applying this, yes, if they find, for example, the intentional concealment. But there must be convinced, you know, beyond a reasonable doubt that it's established, or that the element that's established by the inference exists. And that's taking into account all the facts, that there's support for those facts underlying it. And that there is the evidence that supports this. Well, you might like it to work that way, but I was reading from the terms of the jury instructions. And the jury is being told that if the jury finds that the evidence, that is the concealed, the finding of concealed, unpurchased property, has been established to the jury's satisfaction beyond a reasonable doubt. And they're being told that from that fact alone, without any other evidence, that it is permissible for them to conclude that the element of intent is satisfied. Is there a rational connection between the finding of concealed property and intent to deprive? Well, yes, and the jury instructions also say that, as the trier of fact, that they are to use, you know, their discretion and common sense based on all of the evidence presented. And Pennsylvania courts have said also that, you know, as intent is an element, even if you use the inference, it has to be shown beyond reasonable doubt. So can I just get in here and follow up a little bit on this? This is a hypothetical. Let's just say that the statute said if the prosecution comes forward with evidence it was a sunny day, right, then we'll have a presumption, rebuttable presumption, totally rebuttable, that there was an intent to deprive, right? It's a permissive presumption. It's not mandatory. Would that be a problem for you? Would it still be a categorical match in that instance? Or should we demand more between the fact that's part of the presumption and the element that needs to be proved? In that scenario, the facts still have to underlie or have to support that inference. So if the example is it's a sunny day, so he had an intent to deprive, I think it's reasonable to say that, you know, it's a presumption. Where there's no facts underlying that that would support that intent to deprive from a sunny day. So some degree of fit between the presumption and the element is needed. Am I gleaning correctly what you think it is? We need some degree of fit, some degree of nexus. Yes, and that's been stated by the courts. And also, I'm in the jury instruction that the facts have to support the use of the inference. That, you know, they have to find beyond a reasonable doubt that the element established flows from the inference. Considering all of the other evidence that is presented, because again, this doesn't change for the prosecution. And I see my time has expired. This doesn't change for the prosecution. Their burden, I mean, they still have to show, they still have the burden of proof to show the elements beyond a reasonable doubt. Where is, you keep saying that the instructions require the jury to find beyond a reasonable doubt that the element arises from the fact. Where is that in the jury instruction? Oh, I'm sorry, that's not in the jury instruction. That's case law that has spoken on the permissive inference. So Carson says that, you know, the permissive inference doesn't change the burden of proof. Doesn't change the application that the facts proven still must support the inference. So here again, when we're using this permissive inference, it is just a suggestion. But again, it doesn't take away that the prosecution has to show the elements of retail theft as set forth in 3929A. And that includes the elements. And that if the jurors choose to use this inference, that the facts proven still must support it. It still must be established beyond a reasonable doubt, all of the elements of the offense. What significance should it have for us that the statute also defines conceal? And it defines conceal so that even partial concealment would satisfy the purpose of the statute. It would satisfy the definition. There may still be notice of its presence, though not visible through ordinary observation. Applying that definition of conceal, wouldn't those convictions that we looked at in Bonn, Monville, wouldn't those actually be upheld on appeal? Well, if we're looking to the statute, which is the retail theft, I mean, concealment doesn't appear in the statute. So if the prosecution's working to secure a conviction, they need to show the possession, the carrying, the transferring. The statute itself doesn't say concealment. So concealment, as it's worded under retail theft, isn't a direct element. So if there is some concealment, or if an individual is convicted and there was some action of concealment, he still has to meet the elements of subsection A, and that requires... how those elements can be met. They can be met by evidence that merchandise was concealed. And I'm asking you about the fact that conceal is defined in the statute so that it appears even partial concealment, if a court is actually taking the text of the statute and applying it by its terms, that even the cases where we saw convictions reversed with this definition of concealment, on its face, would have been upheld. Should that affect the way we think about the sweep of this presumption? I don't think that it necessarily should sway from the ultimate conclusion that here for a categorical match to the generic theft defense, that subsection C, as a permissive inference, doesn't change what is required, and that the retail theft defense is still a categorical match to the generic theft defense, even with the permissive inference in C, that that doesn't change what's required by the prosecution to show a conviction, and where there is that statute of conviction, and that's what we're looking at with the conviction, that they've met the elements and that there is that match. Let me give you a hypothetical, and granted, you're on our time. You have someone going through the store, and they pick up adult diapers, and they put them inside their bag, concealing the adult diapers, as they continue their shopping and move up toward the cashier. Stopped by the detective, arrested for violation of the statute, and a jury is given the instruction that we've looked at here, and on the basis of that presumption, with no other facts, the jury concludes, based on the fact of concealment, that that individual is guilty beyond a reasonable doubt, that the intent element is satisfied. Would that be upheld on appeal by the state court? It's possible that it could be. It's also possible that it might not be. I mean, there are cases, there is a case where on appeal, the name of it escapes me, but it is in the briefs, that the individual had one item that he didn't pay for, and on appeal, the court found that he, given the other evidence that there was, which was that he had a good reputation, and that he had all of these other items that he had paid for, that it didn't support the inference that for this single item, that he meant to take it. But there could be other cases where, with other circumstances that surround that, or other facts, when you're looking at all of the facts that the state has put on, that it might be upheld. But there's also no case, and Petitioner doesn't cite to any case, where a scenario like that, just intentionally concealing or putting, concealing adult diapers because you're embarrassed, actually results in a conviction. And we know that from the way that the inference works, where it doesn't change the burden, that the facts proven must show beyond a reasonable doubt that the individual has met the elements for a conviction. Given the presumption and the jury instruction that we've looked at, could a jury, on the basis of nothing other than the concealment of those adult diapers, convict? Perhaps, but when they're using, and when they're in their decision to apply the inference if they so choose, they are to look at all of the evidence presented, and that the facts support the use of the inference, and that they're convinced beyond a reasonable doubt that the element is supported by the inference and the facts. So if there's a conviction, then it's because the jury found that beyond a reasonable doubt that the state had established their case. Thank you very much. I just have a few points to make. Judge Phipps, your question got me thinking. The presumption in Section C is a rebuttable presumption. Where else in the common law of larceny do you have to prove that you did not have an intent? And the court gave us those cases to look at, and I failed to mention Mohamed and Williams, the drug cases, where there is a permissive inference. I think the language in the inferences and the presumptions is very difficult for me to parse through. One answer to your question is that someone, we always instruct jurors, to presume someone intends the natural and probable consequences of an action. You're presuming someone was not doing something because of an epileptic fit. The defendant then has to come back and say, no, the reason I struck him was because of an epileptic fit. So this is not freakish. It is in this regard, though. It is a blanket presumption of taking what could be an innocent act. I don't think it could be an innocent act, because I think your real beef here is not with the if intentionally concealed, then may infer intended to steal. I think your beef in some of these cases is the person didn't conceal in the case of the umbrella or didn't intentionally conceal in the case of the forgotten beanie baby. So you're saying juries might be skipping over the finding the predicate carefully, not that the inference from a proven predicate is itself a problem. But the predicate, the basic fact that proves the elemental fact in this case, unlike the drug cases, is an innocent act in itself. Is it an innocent act, intentionally concealed? The only situation in which you get that is maybe the adult diapers context or someone buying contraceptives. But have you shown us a situation when someone got convicted for that, as opposed to your umbrella hypo? Well, I don't think I need to show a well, the presumption is the rebuttable presumption is a jury instruction. And perhaps when you take the totality of a case and you're giving a jury instructions on what they may infer from the facts, this is a statutory presumption. I take your failure to answer my question to mean that you don't have a case in which someone was convicted by a jury for intentionally concealing something because it was embarrassing like adult diapers or contraceptives. No, I don't have an appellate case. Okay. I do, however, go back to the point, which is that unlike in the drug cases where you're making an inference, those cases involve you're doing something that's wrong to begin with. And then the question is, what was the wrong you were intending? Here, concealment may be accidental. It may be intentional. If I drop the beanie baby in the pocket of a coat with the idea that I could later go back and buy the coat or later go back and buy the beanie baby, have I committed a crime? I think the answer is under this statute, I could be found guilty. Do you have a case in which someone had accidentally dropped something into a pocket? I mean, that's a hypothetical floated in Shapiro. But is there a case in which something was fully concealed by accident and someone got convicted? Well, I think in Bonn and Monville. Monville was a case of it wasn't really concealed. The umbrella was sticking out. The definition of concealment in the statute requires that it not be in plain view. You can see the outlines, but you can't see it at all. But you don't have to you don't even have to intend it. I mean, if it's concealed, the jury can infer intention if it's fully concealed. Do you have a case in which something was fully concealed? But you're saying it was done by accident and the jury nevertheless treated like intentional. No, I mean, I've given you the cases that I found. So we have some hypotheticals, but this then raises the question of our juries really getting the inference wrong or are they getting the predicate fact wrong in a case like. Well, yeah. And there's nothing. I mean, the problem is that this is an aggravated felony definition that you're taking sort of a sui generis problem. It's a real problem of merchants being able to protect their merchandise and they want broader rules to do it. And they've put this in the statute so that you may presume the elemental fact from a basic fact. Nowhere else do I know where that exists in traditional or generic larceny. This is something unique. And under Fong Ho Tan, if it is close, then the court is instructed to interpret in favor of not having a forfeiture, which in the case of an aggravated felony is an extreme forfeiture. So I would say that when Congress wrote G, even though they left a verb out of it, they intended to create theft, larceny, as the definition, receiving stolen property and burglary, all of which could be very serious crimes and you would think belonged in the basket of cases called aggravated felonies. But once you get to retail theft, I think retail theft, both in how it's proven and also it just doesn't rise to that level of seriousness that we see with those other offenses. And just as Justice Scalia said in the Johnson opinion, some common sense as to the definitions of an aggravated felony include not just a technical reading of a statute, but beyond that, what was intended by the offense. In that case, he was talking about whether I think the Florida battery statute was a violent offense because it did not necessarily involve a violent touching. Thank you very much. I appreciate the opportunity.